IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2018

**ROBERT WADE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 13-00145 & 13-01655     Chris B. Craft, Judge**

_____

**No. W2017-01042-CCA-R3-PC**
_____

The Petitioner, Robert Wade, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief. The Petitioner contends that his plea agreement was not knowingly and voluntarily entered into because of his trial counsel's ineffective assistance. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

Eric J. Montierth, Memphis, Tennessee, for the appellant, Robert Wade.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose Francisco Leon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

In January 2013, the Petitioner was indicted in case number 13-00145 on one count of aggravated burglary and one count of theft of property valued at $1,000 or more but less than $10,000. The Petitioner was released on bond and then committed a second set of crimes which resulted in the April 2013 indictment in case number 13-01655 for one count of aggravated burglary, one count of vandalism valued at $1,000 or more but less than $10,000, and one count of theft of property valued at $500 or less. The State tried the Petitioner in case number 13-01655 and the jury convicted the Petitioner of aggravated burglary and the lesser-included offense of vandalism valued at more than $500 but less than $1,000. The State dismissed the theft charge.

At the sentencing hearing for case number 13-01655, trial counsel informed the trial court that the State had made an offer to settle both cases. However, trial counsel stated that the Petitioner did not understand why he would not receive jail credits for both cases if they were served consecutively. The trial court explained to the Petitioner that his sentences in case numbers 13-00145 and 13-01655 were required by law to be served consecutively. The trial court then explained, at length, why the Petitioner could not receive jail credits for both sentences if they were to be served consecutively. At the end of the trial court's colloquy, the Petitioner stated that he understood the trial court's explanation.[1] The Petitioner also asked the trial court about his offender classification and why the State would not offer him an alternative sentence.

The State announced that it would be willing to postpone the Petitioner's sentencing hearing to give him some time to think about the proposed plea agreement. The Petitioner asked, "Can we just get it over with today?" At that point, the trial court took a recess to allow trial counsel to speak with the Petitioner. When they returned, the State announced that the Petitioner had accepted the plea agreement. The State explained that the Petitioner would receive an effective sentence of three years as a Range I, standard offender in case number 13-00145 and an effective sentence of seven years as a Range II, multiple offender in case number 13-01655. The sentences for both cases would be served consecutively, for a total effective sentence of ten years.

The trial court explained to the Petitioner the applicable sentencing ranges that would apply had he gone to trial in case number 13-00145. The Petitioner, at that point under oath, stated that he understood this. The trial court then explained the sentencing alignment for each case and that the sentences for each case would be served consecutively. Again, the Petitioner stated that he understood. When asked by the trial court, the Petitioner stated that he wanted to accept the plea agreement. The trial court concluded that the Petitioner had entered into the plea agreement "freely and voluntarily" as well as "knowingly and intelligently." The trial court accepted the plea agreement.

The Petitioner filed three pro se petitions for post-conviction relief, alleging that his plea agreement was not knowingly and voluntarily entered because he believed that his sentences were to be served concurrently.[2] Counsel was appointed to represent the Petitioner in this matter, but no amended petition for post-conviction relief was filed. The post-conviction court held an evidentiary hearing on April 7, 2017, at which the Petitioner and trial counsel testified.

---

[1] The Petitioner was not under oath during this exchange.

[2] The Petitioner also raised several claims that trial counsel was ineffective for various reasons. However, this opinion will focus solely on the claim raised in the Petitioner's brief. All other claims have been waived. See Tenn. R. App. P. 36(a).

The Petitioner claimed that he was innocent of offenses charged in case number 13-01655. However, he admitted that he committed the offenses charged in case number 13-00145. The Petitioner claimed that he only accepted the State's plea offer because he was afraid of what would happen to him if he was convicted of a crime he actually had committed given his belief that he was wrongfully convicted in case number 13-01655. The Petitioner further claimed that he believed his sentences would be served concurrently because "that was . . . the way they explained it to" him. The Petitioner testified that he only "kind of, sort of" understood the trial court's explanation of his sentencing and that he "just was saying yes to it" because he "just was trying to get it on out of the way."

Trial counsel testified that he explained to the Petitioner that his sentences in case numbers 13-00145 and 13-01655 would have to be served consecutively. Trial counsel recalled that the Petitioner did not understand why he could not receive jail credits toward both sentences if they were served consecutively. Trial counsel noted that this was "a pretty common misunderstanding." Trial counsel testified that he explained to the Petitioner why he would not receive jail credits toward both sentences if he accepted the State's plea offer and then had the trial court explain it to the Petitioner. Trial counsel testified that the Petitioner "seemed to understand" their explanations.

Trial counsel noted that if the Petitioner had taken case number 13-00145 to trial, he would have been sentenced as a Range II, multiple offender and would have a sentencing range of six to ten years. Instead, the Petitioner was sentenced as a Range I, standard offender and received a three year sentence as part of the plea agreement. Trial counsel testified that he advised the Petitioner that this was the best offer the State had proposed and explained to the Petitioner that he faced a significantly longer sentence if he went to trial on case number 13-00145 and lost.

On May 22, 2017, the post-conviction court entered a written order denying post-conviction relief. The post-conviction court found the Petitioner's testimony at the evidentiary hearing "completely lacking in credibility." The post-conviction court further found that trial counsel and the trial court "took great pains to [e]nsure that [the Petitioner] understood the nature and the consequences" of the plea agreement. The post-conviction court concluded that the Petitioner had failed to establish the allegation that his plea agreement was not knowingly and voluntarily entered. The Petitioner now appeals to this court.

## ANALYSIS

The Petitioner contends that his plea agreement was not voluntarily and knowingly entered into. The Petitioner argues that trial counsel was ineffective in failing to properly explain the consecutive nature of his sentencing. The Petitioner maintains that he

believed he was receiving concurrent sentences when he entered into the plea agreement. The State responds that the post-conviction court did not err in denying the petition.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In the context of a guilty plea, like the present case, the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see

also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). However, we note that a petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

> A petitioner's sworn responses to the litany of questions posed by the trial judge at the plea submission hearing represent more than lip service. Indeed, the petitioner's sworn statements and admission of guilt stand as a witness against the petitioner at the post-conviction hearing when the petitioner disavows those statements.

Alfonso C. Camacho v. State, No. M2008-00410-CCA-R3-PC, 2009 WL 2567715, at *7 (Tenn. Crim. App. Aug. 18, 2009).

Here, the Petitioner has failed to prove his factual allegation by clear and convincing evidence. The Petitioner claimed at the evidentiary hearing that he believed he would receive concurrent sentences when he entered into the plea agreement. The post-conviction court found the Petitioner's testimony to be "completely lacking in credibility." The evidence in the record does not preponderate against that finding. Trial counsel testified that he explained to the Petitioner that his sentences in case numbers 13-00145 and 13-01655 had to be served consecutively. Trial counsel also testified that he and the trial court explained to the Petitioner why he could not receive jail credits toward both sentences if they were being served consecutively. Trial counsel recalled that this was "a pretty common misunderstanding" and that the Petitioner "seemed to understand" their explanation.

Furthermore, the transcript of the guilty plea submission hearing belies the Petitioner's claims. The trial court spent a significant amount of time explaining to the Petitioner why he could not receive jail credits on both sentences, and the Petitioner stated that he understood the trial court's explanation. The trial court also explained the consecutive nature of the Petitioner's sentences. The Petitioner stated, under oath, that he understood and that it was his desire to enter into the plea agreement. As such, the evidence supports the post-conviction court's conclusion that the Petitioner knowingly and voluntarily entered into the plea agreement. Accordingly, we conclude that the post-conviction court did not err in denying the petition.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-5-